UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW MAURER individually and on behalf of all others similarly situated,<br>*Plaintiff*,<br>vs.<br>CITIES OF ISLE OF PALMS, FOLLY BEACH, HILTON HEAD, SC AND PCI MUNICIPAL SERVICES, LLC<br>*Defendants* | Civil Case No.: 1:25-CV-0263 (MAD/DJS)<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

COME NOW the above-named Plaintiff, Matthew Maurer ("Plaintiff"), individually and on behalf of all others similarly situated, and respectfully submits the following Class Action Complaint against Defendants Cities of Isle of Palms, Folly Beach, Hilton Head and PCI Municipal Services, LLC, ("Defendants", "Cities", or "PCI"), complaining and alleging, upon information and belief, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Matthew Maurer is a citizen and resident of Latham, New York located in Albany County.

2. Defendant Town of Hilton Head is a political subdivision of the State of South Carolina as defined in § 15-78-10 *et seq.* of the Code of Laws of South Carolina. At all times herein mentioned, the City acted and carried on its business by and through its agents, servants, and/or employees at various locations within Beaufort County, South Carolina and has its principal place of business in Beaufort County, South Carolina.

3. Defendant City of Isle of Palms is a political subdivision of the State of South Carolina as defined in § 15-78-10 *et seq.* of the Code of Laws of South Carolina. At all times herein

mentioned, the City acted and carried on its business by and through its agents, servants, and/or employees at various locations within Charleston County, South Carolina and has its principal place of business in Charleston County, South Carolina.

4. Defendant City of Folly Beach is a political subdivision of the State of South Carolina as defined in § 15-78-10 *et seq.* of the Code of Laws of South Carolina. At all times herein mentioned, the City acted and carried on its business by and through its agents, servants, and/or employees at various locations within Charleston County, South Carolina and has its principal place of business in Charleston County, South Carolina.

5. Upon information and belief, Defendant PCI Municipal Services, LLC, is a limited liability company organized and existing pursuant to the laws of the state of Michigan and registered to do business in the state of South Carolina.

6. PCI Municipal Services issues parking tickets on behalf of the Cities to people, without regard to their places of residency, for alleged parking violations. In so doing, collect payments online from individuals across the country.

7. The incident(s) giving rise to this action occurred in Hilton Head, South Carolina and elsewhere in South Carolina including, but not necessarily limited to, the Cities of Isle of Palms and Folly Beach South Carolina. Additionally, the Plaintiff incurred monetary damages when he paid the illegal ticket from his residence in New York.

8. This court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) since the Plaintiff and Putative Class are citizens of different states than the Defendant Cities and PCI with an amount in controversy exceeding $75,000.

9. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d). The aggregated

claims of the individual Class Members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which the Plaintiff and proposed Plaintiff Class, on the one hand, and Defendants, on the other, are citizens of different states.

10. Venue is proper in this District under 28 U.S.C. §1391 because the Plaintiff is a citizen of Latham, New York and incurred the damages complained of herein i.e. suffering monetary loss by paying the illegal parking tickets from his residence in Latham, New York.

## CLASS ALLEGATIONS

11. **Definition of the Class**: Plaintiff brings this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification. Plaintiff seeks to represent a **National Class** which is a class of persons preliminarily defined as:

> **All non-South Carolina residents who received parking violations from PCI Municipal Services, LLC in the Cities of Isle of Palms, Folly Beach and Hilton Head South Carolina from February 21, 2024, through the present time (the "Class").**

12. Excluded from the Class are Defendants and its affiliates, predecessors, successors, officers, directors, agents, servants, or employees, and the immediate family members of such persons. Plaintiff reserves the right to modify the class definition and/or propose one or more subclasses if discovery reveals such modifications are appropriate.

13. **Numerosity: Fed. R. Civ. P. 23(a)(1)** Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual Members of the Class are unknown at this time, such information is in the sole possession of PCI and the Cities and obtainable by Plaintiff only through the discovery process. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

14. **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** Common Questions of law and fact exist as to all Members of the Class. These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to:

   a. Whether the Cities divested themselves of core functions or police powers to protect the safety of the public, including the issuance of citations for violations of parking ordinances;

   b. Whether there was direct supervision or control by the Cities over the third-party employees issuing the citations;

   c. Whether anyone other than law enforcement or code enforcement officers employed by the Cities can issue parking citations;

   d. The proper measure of damages.

15. **Typicality: Fed. R. Civ. P. 23(a)(3)** Plaintiff's claims are typical of the claims of the Class because Plaintiff and all others similarly situated have the same interest in this matter as all the other Members of the Class, and their claims are typical of all Members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of many of the same material and substantive facts, rely upon the same legal theories and seek the same type of relief.

16. All claims have a common origin and share a common basis: they originate from the same actions taken by Defendants with regard to enforcement of parking and issuance of violations.

17. All Class Members have suffered injury in fact resulting in monetary loss.

18. **Adequacy of Representation**: **Adequacy: Fed. R. Civ. P. 23(a)(4)** Plaintiff is an adequate class representative because his interests do not conflict with the interests of the Class that he seeks to represent. Plaintiff has retained counsel competent and highly experienced in complex and class action litigation, and he intends to prosecute this action vigorously. The interests

of the Class, and absent Class Members, will be fairly and adequately protected by Plaintiff and his counsel.

19. **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** A class action is superior to all other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members, and questions of law and fact common to all Class Members predominate over questions affecting only individual Class Members. Class Members can be readily identified and notified based on, inter alia, Defendants' business records or other sources.

20. The class action mechanism is superior to other procedures for the management and administration of this case because:

   a. The interest of individual Class Members in controlling this litigation are relatively insignificant when weighed against the benefits of having all claims adjudicated in a single forum and a single proceeding;

   b. There appears to be no pending litigation involving the issues raised by this case on a National Class basis in any other forum. There is a State Claim against the Cities of the Isle of Palms and Folly Beach pending in South Carolina;

   c. There are substantial benefits and advantages to be achieved in terms of the conservation of overburdened judicial resources by focusing the adjudication of this case in a single forum; and

   d. There are no substantial difficulties of management likely to be encountered.

## FACTUAL ALLEGATIONS

21. On or about February 21, 2024, Defendant Cities entered into the Parking Management Services Agreement ("Agreement") with Defendant PCI to perform certain functions for their respective Cities, including the issuance of parking citations on state roads and public road rights of way within the jurisdiction of each City.

22. The Agreement establishes that PCI and its employees are not employees of the Cities but are independent contractors.

23. PCI is incentivized to issue tickets for parking violations by retaining 24% of all Gross Parking Revenue which includes "all parking fees, permit fees, boot fees, immobilization fees and parking citation fines and fees" from Cities' municipal parking lots and state roads and rights of way.

24. PCI has been overly aggressive in its issuance of parking citations which has caused a public outcry and has been covered extensively by the local newspapers and news stations.

25. To quote one article from *The Post and Courier*, "The city's first summer season with third-party parking enforcement has concluded, leading to thousands of citations being doled out and hundreds of thousands of dollars in fines being raked in. From the beginning of May to Labor Day weekend, a four-month stretch that draws thousands of visitors to the beach, over 5,600 parking tickets were handed out by PCI Municipal Services on the Isle of Palms, more tickets than were issued in all of 2023."[1]

26. Plaintiff Maurer is one of the thousands of individuals who received a parking violation from PCI.

27. On December 23, 2024, Plaintiff Mauer, was issued a parking violation in Hilton Head, South Carolina and paid the ticket. The amount paid, including surcharges, amounted to $200. He paid the ticket online from his residence in Latham, New York.

28. PCI willingly issues these illegal parking citations to non-residents of South Carolina knowing that they either cannot afford the expense of traveling back to South Carolina to contest the ticket or, for those that can afford to do so, it is financially impracticable to do so. As such, PCI's business practices allow for online payments and places their services into the stream of commerce throughout the country.

---

[1] https://www.postandcourier.com/news/parking-tickets-isle-of-palms/article_dc15b014-6ebc-11ef-8bf4-fbf0ede46050.html

29. After months of beach parking controversy, the South Carolina Attorney General weighed in on the issue concluding that, "Parking enforcement involves the exercise of a municipalities police powers. Based on prior opinions of this Office, police power may not be delegated to private entities absent legislative or constitutional authority. Finding no such authority, we do not believe a municipality may delegate parking enforcement to a private entity. (Exhibit 1).

30. As evidenced by the Attorney General's Opinion, a municipality's police powers are conferred to them by the Legislature primarily through section 5-7-30 of the South Carolina Code (Supp. 2023).

31. Both the South Carolina courts and the Legislature recognize that parking falls under such authority.

32. However, the Cities unlawfully delegated such authority and jurisdiction, which is exclusively reserved to law enforcement, to a private entity.

33. Upon information and belief, the Cities have entered into identical agreements with PCI and have also unlawfully delegated their police powers to a private entity.

34. As such, any monies collected by the Cities and PCI were collected illegally and without the force of law.

35. As a result of Defendants' conduct, Plaintiff and Class Members have suffered damages.

## CAUSES OF ACTION

### COUNT I
### INJUNCTIVE RELIEF

36. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

7

37. Plaintiff and the Class are entitled to immediate injunctive relief to enjoin Defendants from continuing to enforce their parking ordinances and collect fines for parking violations through the use of a private entity, PCI Municipal Services, LLC, as such is in violation of the Constitution and laws of the State of South Carolina.

38. Plaintiff and the Class will suffer irreparable harm without an injunction in that they are forced to pay fines to a private entity that is illegally enforcing municipalities' parking ordinances that includes collecting fines and an appeal process through a third party rather than the municipalities' court system.

39. There is a strong likelihood that Plaintiff and the Class will succeed on the merits of their case as per the opinion of the Attorney General attached hereto as Exhibit 1.

40. Plaintiff and the Class request that injunctive relief be issued and that all monies previously collected for parking violations be paid into a separate trust account and held pending the outcome of this case.

## COUNT II
## ACTION FOR DECLARATORY JUDGMENT

41. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

42. Plaintiff, individually and on behalf of the Class and pursuant to S.C. Code Ann. §15-53-20 et seq., prays this Court declare the actions of Defendants as a prohibited delegation of their police powers delegated by the State Legislature and in violation of the Constitution, constituting ultra vires acts, and violative of the statutes, including, but not limited to, S.C. Code Ann. §5-7-30 relevant hereto.

43. Plaintiff, individually and on behalf of the Class, requests that this Court declare that the Defendants have violated the rights of himself and Class Members.

44. Plaintiff and Class Members are entitled to an Order of such declaration that prohibits the Defendants from further perpetrating unlawful delegation of their police powers to a private entity, and requiring Defendants to refund the fines illegally obtained from Plaintiff and Class Members.

45. Plaintiff further request that the Court order the Defendants to refund Plaintiff and Class Members for all parking fines collected in violation of the statutory law and Constitution of the State of South Carolina.

46. Lastly, that the Court declare that the process by which the Cities enforce parking ordinances through a third party such as Defendant PCI Municipal Services, LLC, is an unlawful delegation of a municipality's police powers and that only a municipality and its police force may regulate parking pursuant to South Carolina law.

<u>**COUNT III**</u>
**UNJUST ENRICHMENT**
**(Against PCI Municipal Services, LLC)**

47. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

48. Substantial benefits have been conferred on Defendant PCI by Plaintiff and Class Members through the payment of illegally issued parking fines.

49. Defendant PCI knowingly and willingly accepted and enjoyed these benefits.

50. Defendant PCI either knew or should have known that the payments rendered by Plaintiff and the Class were given and received with the expectation that violations were properly issued in compliance with South Carolina law.

51. As such, it would be inequitable for Defendant PCI to retain the benefit of the payments under these circumstances.

52. Defendant PCI's acceptance and retention of the benefits of the payments from Plaintiff and the Members of the Class under the circumstances alleged herein make it inequitable

9

for Defendant to retain the benefits without payment of the value to Plaintiffs and the Members of the Class.

53. Plaintiff and the Members of the Class are entitled to recover from Defendant PCI all amounts wrongfully collected and improperly retained by Defendant PCI, plus interest thereon.

54. Plaintiff and the Members of the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, requests that the Court enter judgment in his favor and against Defendants, awarding as follows:

A. Certifying the Class as proposed herein, designating Plaintiff as Class representatives, and appointing undersigned counsel as Class Counsel;

B. Declaring that Defendants are financially responsible for notifying the proposed Class Members of the pendency of this action;

C. Award all actual, general, special, incidental, statutory, consequential and punitive damages to which Plaintiff and Class Members are entitled;

D. Declaring that all parking revenues collected by Defendants be held in trust pending the outcome of this lawsuit and that such monies be refunded to those Class Members who paid the tickets.

E. Scheduling a trial by jury in this action;

F. Awarding pre and post-judgment interest on any amounts awarded, as permitted by law;

G. Costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

H. Any other relief the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of all those similarly situated, hereby requests a jury trial on all claims so triable.

Dated: February 27, 2025                    Respectfully Submitted,


*/s/      Jason P. Sultzer*
Jason P. Sultzer
**SULTZER & LIPARI**
85 Civic Center Plaza, Suite 200
Poughkeepsie, New York 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com

-AND-


Paul J. Doolittle
*PRO HOC PENDING*
**POULIN | WILLEY |
ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
Email: paul.doolittle@poulinwilley.com
          cmad@poulinwilley.com

*Attorneys for Plaintiff*